**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISON**

| | | |
|---|---|---|
| CHRISTOPHER LEWIS, | ) | CASE NO. 1:18-CV-00925-BYP |
| | ) | |
| Plaintiff, | ) | JUDGE BENITA Y. PEARSON |
| | ) | UNITED STATES DISTRICT JUDGE |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| WARDEN DAVID MAQURIS, | ) | CARMEN E. HENDERSON |
| | ) | |
| Defendant, | ) | **REPORT AND RECOMMENDATION** |
| | ) | |

## I.    Introduction

Petitioner, Christopher Lewis, seeks a writ of habeas corpus under 28 U.S.C. § 2254. Lewis is an Ohio prisoner who is currently serving an 18-year prison term and a five-year term of mandatory post-release control for complicity to commit felonious assault, complicity to commit aggravated burglary, and complicity to commit aggravated robbery. Lewis asserts a single ground for relief: "Petitioner's convictiuon [sic] was obtained in violation of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution." (ECF No. 1, PageID #14). Respondent, Warden David Marquris, filed a return of writ on September 4, 2018. (ECF No. 9). On September 11, 2020, this Court established a "final deadline" of October 16, 2020 by which Lewis was instructed to respond to the warden's arguments. (ECF No. 11). Lewis failed to file a traverse.

This matter was referred to me under Local Rule 72.2 to prepare a report and recommendation on Lewis's petition and other case-dispositive motions. Because Lewis has failed to exhaust his sole ground for relief and is procedurally defaulted from raising the issue now, I

recommend that the Court deny his petition in its entirety and not grant him a certificate of appealability.

## II.     Relevant Factual Background

The Ohio Court of Appeals for the Fifth Appellate District set forth the following facts[1] on direct appeal:

> {¶ 2} On April 29, 2015, at about 5:00 AM, appellant was driven by an accomplice to a residence in Bellville, Ohio. Using the ruse of needing water for the car's radiator, appellant and his accomplice forcibly entered the home and proceeded to repeatedly assault the owner, 57-year-old Richard Pritchard, restrain him with duct tape, and steal a number of items from the residence, including firearms, ammunition, antique coins, two televisions, and a credit card. Pritchard initially tried to defend himself and his home by reaching for his loaded pistol, but appellant wrested it from his control. Appellant further repeatedly kicked at appellant's German Shepherd, Dusty, when she tried to defend Pritchard. Appellant and his accomplice eventually departed with the stolen items, leaving Pritchard on the couch, bound and blindfolded with duct tape. Fortunately, Pritchard's friend Tom Schwartz discovered him at about 7:15 AM.

*State v. Lewis*, 5th Dist. Richland No. 15 CA 106, 2016-Ohio-7002; 72 N.E.3d 48.

## III.     Relevant State Procedural History

### A.     Indictment

Lewis was indicted on August 11, 2015, for:

> Count 1: Aiding and Abetting Felonious Assault, R.C. 2903.11(A)(1), felony of the second-degree with a firearm specification;

> Count 2: Aiding and Abetting Aggravated Burglary, R.C. 2911.11(A)(1), felony of the first degree with a firearm specification;

---

[1] The facts found by the appellate court of record "shall be presumed to be correct," and the petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. §2254(e)(1); *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

Count 3: Aiding and Abetting Aggravated Robbery, R.C. 2905.01(A)(1) and/or (A)(3), felony of the first degree with a firearm specification;

Count 4: Aiding and Abetting Aggravated Kidnapping, R.C. 2905.01(A)(2), felony of the first degree with a firearm specification;

Counts 5-18: Aiding and Abetting Grand Theft, R.C. 2913.02(A)(1) & (B)(4), fourteen felonies of the third degree;

Counts 19-20: Aiding and Abetting Theft of a Credit Card, R.C. 2913.02(A)(1), two felonies of the fifth degree; and

Count 21: Possession of Drug Abuse Instruments, R.C. 2925.12(A), felony of the second degree.

(ECF No. 9-1, PageID #: 68-74). At arraignment, Lewis plead not guilty to all charges. (ECF No. 9-1, PageID #: 76).

## B.    Trial and Guilty Verdict

The case proceeded to trial, after which a jury found Lewis guilty of all charges and firearm specifications. (ECF No. 9-1, PageID #: 78-83). Prior to sentencing, Lewis filed a sentencing memorandum and argued that all his felony convictions merged for sentencing purposes and that the trial court could only sentence him on one first-degree felony with a firearm specification charge. (ECF No. 9-1, PageID #: 85-87).

The trial court then sentenced Lewis to an aggregate 18-year prison sentence, which was explained by the Ohio Court of Appeals in its decision:

{¶ 9} On November 10, 2015, following a separate sentencing hearing, the trial court sentenced appellant to prison terms of five years on Count 1 (felonious assault), ten years on Count 2 (aggravated burglary), nine years on Count 3 (aggravated robbery), nine years on Count 4 (kidnapping), three years on merged Count 5 (grand theft, with Count 5 merged with the remaining counts of grand theft on 6 through 16), six months each on Counts 19 and 20 (theft, felonies of the fifth degree), one month on Count 21

(possession of drug abuse instruments), and three years on the firearm specification attached to Counts 1 through 4. Counts 17 and 18 were designated "not tried." The court ordered the sentences on Counts 1 and 2 and the combined firearm specification would be served consecutively to each other and concurrently with the sentences on the remaining counts, for a total prison term of eighteen years. The court also imposed five years of mandatory post-release control.

*State v. Lewis*, 2016-Ohio-7002 at ¶ 9.

### C. Direct Appeal

On appeal, Lewis raised two assignments of error:

1. The trial court erred in sentencing the appellant separately for allied offenses of similar import.

2. The trial court erred in allowing the testimony of a witness over the objection of the appellant's counsel.

The state appellate court found that "all of the grand theft and theft counts should have been merged for sentencing, and that said grand theft and theft counts should further have been merged with the count of aggravated robbery" and remanded the case to the trial court for resentencing consistent with the ruling. *State v. Lewis*, 5th Dist. Richland No. 15 CA 106, 2016-Ohio-7002, ¶ 37, ¶ 47.

### D. Appeal to the Ohio Supreme Court

On November 3, 2016, Lewis timely filed a *pro se* appeal notice in the Ohio Supreme Court. (ECF No. 9-1, PageID #: 189). Lewis's memorandum in support of jurisdiction raised the following propositions of law:

> **Proposition of Law I:** The trial court deprived Christopher Lewis of a fair trial, effective assistance of counsel, and due process of law guaranteed by the Fifth, Sixth, and Fourteenth Amendment to the United States Constitution when the trial court failed to exclude Ohio BCI scientist, Brittany Farinochi's testimony at trial, when the State of Ohio, 1) failed to identify this expert witness in a timely manner prior to trial, and 2) failed to provide Christopher Lewis with

> Brittany Farinochi's written report summarizing the her testimony, findings, analysis, conclusions, or opinion concerning the chain of custody, and failing to include a summary of Brittany Farinochi's qualifications, prior to trial.
>
> **Proposition of Law II:** The trial court violated the Double Jeopardy Clause to the Fifth Amendment to the United States Constitution when it failed to merge all of Christopher Lewis' convictions because they were committed with the same "animus."

(ECF No. 9-1, PageID #: 192). On April 19, 2017, the Ohio Supreme Court declined jurisdiction. *State v. Lewis*, 148 Ohio St.3d 1445, 2017-Ohio-1427. Lewis did not timely file a petition for certiorari in the United States Supreme Court and his filing deadline expired on July 18, 2017. *See* Sup. Ct. R. 13.

### E. Trial Court Remand

Pursuant to the state appellate court's remand order, the trial court merged Lewis's Grand Theft, Theft, and Aiding and Abetting Aggravated Robbery convictions for sentencing purposes and re-sentenced Lewis an aggregate 18-year prison sentence. (ECF No. 9-1, PageID #: 237-239). On November 2, 2016, the trial court issued a corrected resentencing entry to reflect that the trial court had imposed nine concurrent years in prison, not nine concurrent months, for Lewis' Aiding and Abetting Aggravated Robbery convictions, again resulting in an aggregate 18-year prison sentence. (ECF No. 9-1, PageID #: 240-242).

Lewis did not file a direct appeal in the state appellate court and his filing deadline expired December 2, 2016. *See* Ohio App. R. 4(A)(1); Ohio App. R. 14(A).

### IV. Federal Habeas Corpus Petition

On April 10, 2018, Lewis petitioned *pro se* that this Court issue a writ of habeas corpus.[2]

(ECF No. 1). Lewis asserted the following ground for relief:

> **Ground One:** Petitioner's conviction was obtained in violation of the double jeopardy clause of the Fifth Amendment to the United States Constitution.

(ECF No. 1, PageID #: 14).

In support of Ground One, Lewis stated:

> In this case, the State Appellate Court cited the following facts:

>> On April 29, 2015, at about 5:00 AM, appellant was driven by an accomplice to a residence in Bellville, Ohio. Using the ruse of needing water for the car's radiator, appellant and his accomplice forcibly entered the home and proceeded to repeatedly assault the owner, 57-year-old Richard Pritchard, restrain him with duct tape, and steal a number of items from the residence, including firearms, ammunition, antique coins, two televisions, and a credit card. Pritchard initially tried to defend himself and his home by reaching for his loaded pistol, but appellant wrested it from his control. Appellant further repeatedly kicked at appellant's German Shepherd, Dusty, when she tried to defend Pritchard. Appellant and his accomplice eventually departed with the stolen items, leaving Pritchard on the couch, bound and blindfolded with duct tape. Fortunately, Pritchard's friend Tom Schwartz discovered him at about 7:15 AM.

>> *State v. Lewis,* 2016-Ohio-7002.

> As a result of the above facts, Lewis was convicted and sentenced for numerous crimes that were committed with the same animus and thus violated the Double Jeopardy Clause of the Fifth Amendment to the Unites [sic] States Constitution.

(ECF No. 1, PageID #: 14).

## V.     Legal Standards

---

[2] Lewis claims he placed his *pro se* 28 U.S.C. §2254 habeas petition in the prison mail system on April 10, 2018. (ECF No. 1, PageID #: 13)

A. **Jurisdiction**

28 U.S.C. § 2254(a) authorizes district courts to entertain an application for a writ of habeas corpus "on behalf of a person in custody pursuant to the judgment of a State court." A state prisoner may file a § 2254 petition in the "district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him." 28 U.S.C. § 2241(d). The Court of Common Pleas of Richland County sentenced Lewis, and Richland County is within this court's geographic jurisdiction. Accordingly, this Court has jurisdiction over Lewis's § 2254 petition.

B. **Standard of Review**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs Lewis's petition for writ of habeas corpus. *See Lindh v. Murphy*, 521 U.S. 320, 326–27 (1997) (holding that the AEDPA governs petitions filed after April 24, 1996); *Murphy v. Ohio*, 551 F.3d 485, 493 (6th Cir. 2009). The AEDPA provides in relevant part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

To determine whether relief should be granted, the Court must use the "look-through" methodology and look to the "last explained state-court judgment" on the petitioner's federal claim. *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991) ("The essence of unexplained orders is that they say nothing. We think that a presumption which gives them no effect—which simply 'looks

through' them to the last reasoned decision—most nearly reflects the role they are ordinarily intended to play."); *Wilson v. Sellers*, 138 S. Ct. 1188, 1193 (2018) ("We conclude that federal habeas law employs a 'look through' presumption.").

"A decision is 'contrary to' clearly established federal law when 'the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.'" *Otte v. Houk*, 654 F.3d 594, 599 (6th Cir. 2011) (quoting *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000)). "Clearly established Federal law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of [the Supreme] Court's decisions." *White v. Woodall*, 572 U.S. 415, 419 (2014) (quotations and citations omitted). "[U]nder the unreasonable application clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). "The unreasonable application clause requires the state court decision to be more than incorrect or erroneous"—it must be "objectively unreasonable." *Id*.

Under § 2254(d)(2), "when a federal habeas petitioner challenges the factual basis for a prior state-court decision rejecting a claim, the federal court may overturn the state court's decision only if it was 'based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Burt v. Titlow*, 571 U.S. 12, 18 (2013) (quoting 28 U.S.C. § 2254(d)(2)). A state-court decision is an "unreasonable determination of the facts" under § 2254(d)(2) only if the trial court made a "clear factual error." *Wiggins v. Smith*, 539 U.S. 510, 528 (2003). A state court's factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance. *Wood v. Allen*, 558 U.S. 290,

301 (2010). Even if "[r]easonable minds reviewing the record might disagree" about the finding in question, "on habeas review that does not suffice to supersede the trial court's … determination." *Rice v. Collins*, 546 U.S. 333, 341-42 (2006). The prisoner bears the burden of rebutting the state court's factual findings "by clear and convincing evidence." *Burt*, 571 U.S. at 18 (citing 28 U.S.C. § 2254(e)(1)).

For state prisoners, the § 2254(d) standard "is difficult to meet… because it is meant to be." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). This is because, "[a]s amended by AEDPA, § 2254(d) is meant only to stop short of imposing a complete bar on federal-court relitigation of claims already rejected in state proceedings." *Id*. 103. "It preserves authority to issue the writ in cases where there is no possibility [that] fairminded jurists could disagree that the state courts decision conflicts with this Court's precedents" and "goes no further." *Id*. Thus, in order to obtain federal habeas corpus relief, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.*

## VI.    Discussion

In Ground One, Lewis argues that his "[conviction] was obtained in violation of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution." (ECF No. 1, PageID #: 14). Lewis argues that the law in Ohio is "unsettled" as to what constitutes an allied offense and that the facts "clearly establish that the Ohio Appellate Court's decision…is based on an unreasonable determination of the facts[.]". (ECF No. 1, PageID #: 16).

In the return of writ, Respondent argues that: 1) Lewis failed to exhaust his claim in the state courts; 2) the matter is procedurally defaulted; and 3) Lewis failed to establish a federal

constitutional claim. (ECF No. 9, PageID #: 54). The Court agrees with Respondent that Lewis failed to exhaust his claim in the state courts.[3]

Under the AEDPA, state prisoners must either exhaust all possible state remedies or have no remaining state remedies before a federal court can review a petition for writ of habeas corpus. 28 U.S.C. § 2254(b) and (c); *see also Rose v. Lundy*, 455 U.S. 509, 515–19 (1982). This entails giving the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990) ("The highest court in the state in which the petitioner was convicted [must have] been given a full and fair opportunity to rule on the petitioner's claims.").

Lewis has raised for the first time in his habeas petition his argument that his conviction is in violation of the Double Jeopardy Clause of the Fifth Amendment. (*See* Lewis's Sentencing Memorandum at ECF No. 1, PageID #: 85-87 (raising state law merger claims), Appellant's Brief at ECF No. 1, PageID #: 129-132 (same), and Memorandum in Support of Jurisdiction at ECF No. 1, PageID #: 200-202 (same)). Although Lewis's second proposition of law in his jurisdictional memorandum cited to the Fifth Amendment, he relied solely on Ohio case law and did not reference the Fifth Amendment or the Double Jeopardy Clause (nor cite any federal or state cases employing Fifth Amendment analysis) in his argument. (*See* ECF No. 1, PageID #: 200-202).

Lewis failed to exhaust his state remedies because he never raised this ground in state court. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Accordingly, Lewis's sole ground for relief may not be considered by this Court because it is unexhausted.

---

[3] Because the Court determines that dismissal is appropriate based on Petitioner's failure to exhaust and procedural default, it need not examine Respondent's remaining argument for dismissal.

"When a petitioner has failed to exhaust his state remedies, and when he can no longer do so under state law, his habeas claim is procedurally defaulted." *Adams v. Burton*, No. 16-1476, 2016 WL 6610219, at *2 (6th Cir. Nov. 8, 2016) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). "A federal habeas court need not review a procedurally defaulted claim unless the petitioner can show either cause for the default and actual prejudice from the alleged constitutional violation, or that failure to consider the claim would result in a 'fundamental miscarriage of justice[.]'" *Id.* (quoting *Coleman v. Thompson*, 501 U.S. 722, 750–51 (1991)).

Additionally, Lewis may not return to state court to exhaust his remedies for this claim, *see* Ohio App. R. 4(A)(1); Ohio App. R. 14(A), and, therefore, it is procedurally defaulted.[4] Lewis does not assert cause and prejudice for failing to raise these issues or that a fundamental miscarriage of justice would result if this claim is not reviewed. Accordingly, the Court need not review Lewis's procedurally defaulted claim. *Adams*, 2016 WL 6610219, at *2.

## VII.   Certificate of Appealability

### A.      Legal Standard

A habeas petitioner may not appeal the denial of his application for a writ of habeas corpus unless a judge issues a certificate of appealability and specifies the issues that can be raised on appeal. 28 U.S.C. § 2253(c) ("A certificate of appealability may issue … only if the applicant has made a substantial showing of the denial of a constitutional right."). The "'petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The granting of a certificate of appealability does not require

---

[4] When the state trial court resentenced Lewis in accord with the state appellate court's remand order (ECF No. 9-1 at 237-242), Lewis did not timely file a direct appeal in the state appellate court and his filing deadline expired December 2, 2016.

a showing that the appeal would succeed on any claim. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

**B.      Analysis**

Lewis failed to exhaust his sole ground for relief in the state courts and is procedurally barred from doing so now. If the Court accepts the foregoing recommendation, then Lewis has not made a substantial showing of a denial of a constitutional right. He would then not be entitled to a certificate of appealability. Thus, I recommend that the Court not issue a certificate of appealability.

**VIII.   Recommendation**

Petitioner Lewis's sole ground for relief may not be considered by this Court as it is unexhausted and procedurally defaulted. Thus, I recommend that the Court deny his petition in its entirety and not grant him a certificate of appealability.

DATED: April 13, 2021

　　　　　　　　　　　　　　　*s/ Carmen E. Henderson*
Carmen E. Henderson
United States Magistrate Judge

---

OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *Berkshire v. Beauvais*, 928 F.3d 520, 530-31 (6th Cir. 2019).