PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER LEWIS (#A674464), | ) ) ) | CASE NO. 1:18CV925 |
| Petitioner, | ) ) | |
| v. | ) ) ) | JUDGE BENITA Y. PEARSON |
| DONNIE MORGAN[1] Warden, | ) ) | |
| Respondent. | ) ) | **MEMORANDUM OF OPINION AND ORDER** |

Petitioner Christopher Lewis[2] filed a *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenge the constitutional sufficiency of his conviction and sentence for

---

[1] According to the Ohio Department of Rehabilitation & Correction website (https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/A674464 (last visited May 7, 2021)), Petitioner is now confined at the Ross Correctional Institution. The Warden of that institution, Donnie Morgan, has been substituted as Defendant.

[2] As noted *supra*, n.1, Petitioner has new address, which differs from the address on the docket. Petitioner has failed to provide the court with his current address. It is the party, not the court, who bears the burden of apprising the court of any changes to his mailing address. *See Yeschick v. Mineta*, 675 F.3d 622, 630 (6th Cir. 2012) (citing *Casimir v. Sunrise Fin., Inc.*, 299 Fed.Appx. 591, 593 (7th Cir. 2008) (affirming district court's denial of Rule 60(b) motion when movants claimed due to house fire they did not receive mail informing them of court's entry of summary judgment); *Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005) ("[A] litigant who invokes the processes of the federal courts is responsible for maintaining communication with the court during the pendency of his lawsuit."); *Watsy v. Richards*, No. 86-1856, 1987 WL 37151, at *1 (6th Cir. April 20, 1987) (affirming dismissal for failure to prosecute when appellant failed to provide district court with "current address necessary to enable communication with him")). The Clerk of Court shall update Plaintiff's address before serving him with this Order.

(1:18CV925)

complicity to commit felonious assault, complicity to commit aggravated burglary, and complicity to commit aggravated robbery. ECF No. 1.

This case was referred for preparation of a report and recommendation to a magistrate judge of this District pursuant to 28 U.S.C. § 636 and Local Rule 72.2(b)(2). On April 13, 2021, the magistrate judge issued a Report and Recommendation. ECF No. 12. The magistrate judge recommends that the Court deny the habeas petition because the sole ground for relief has been procedurally defaulted. *Id.* at PageID #: 778-80.

Fed. R. Civ. P. 72(b)(2) provides that objections to a report and recommendation must be filed within 14 days after service. Objections to the Report were, therefore, due on April 30, 2021.[3] Neither party has timely filed objections. Therefore, the Court must assume that the parties are satisfied with the magistrate judge's recommendations. Any further review by this Court would be a duplicative and inefficient use of the Court's limited resources. *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140 (1985); *Howard v. Secretary of Health and Human Services*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).

Accordingly, the Report and Recommendation of the magistrate judge is hereby adopted. Christopher Lewis' Petition for a Writ of Habeas Corpus will be dismissed.

---

[3] Under Fed. R. Civ. P. 6(d), 3 days are added to the 14-day time period because Petitioner was served a copy of the Report by mail. *See Thompson v. Chandler*, 36 Fed.Appx. 783, 784 (6th Cir. 2002). Accordingly, Petitioner had until April 30, 2021, rather than April 27, 2021, to file any objection. The Court has accounted for those 3 days, as well as an additional time for any mailed objection to reach the Court, before issuing this order.

(1:18CV925)

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

| | |
|---|---|
|   May 24, 2021   <br> Date |   */s/ Benita Y. Pearson*   <br> Benita Y. Pearson <br> United States District Judge |